IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| LARRY BELL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 5:22-cv-38 |
| | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, LARRY BELL, files this Complaint and Jury Demand against Defendant WAL-MART STORES TEXAS, LLC (Defendant, or Wal-Mart) alleging willful violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 1981, and the Texas Commission on Human Rights Act. For causes of action, Plaintiff would show the Court as follows:

### I.
### PARTIES, JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSTION

1. Plaintiff, LARRY BELL, is a resident of Bowie County, Texas.

2. Defendant WAL-MART STORES TEXAS, LLC is an entity which can be served with Citation through its Registered Agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 USA.

3. At all times relevant to this case, Defendant WAL-MART STORES TEXAS, LLC acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Mr. Bell's claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Mr. Bell's claims arising under Texas statutory law under 28 U.S.C. §1367. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

5. Plaintiff exhausted his administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on June 11, 2021, within 180 days of his termination on May 10, 2021. Plaintiff received a Right to Sue notice from the U.S. Equal Opportunity Commission on or after December 15, 2021, and is filing this lawsuit within 90 days of receipt of the Notice.

## II.
## FACTUAL BACKGROUND

6. Mr. Bell was hired by the Defendant in April 2020 as an overnight maintenance employee. Mr. Bell is Black.

7. On the day Mr. Bell started working for the Defendant, he was met by an employee named Danny, who was also in maintenance. When Danny found out that Mr. Bell was assigned to work the night shift, Danny told Mr. Bell, "watch out for your supervisor James – he's not going to like you or your color."

8. Within weeks after Mr. Bell started work, he noticed that he was being given more and more difficult jobs to do than the white employees. Mr. Bell called Defendant's corporate office to try to address this issue, but it continued.

9. For example, when Defendant hired another night shift maintenance worker named Kayla, who is white, Mr. Bell was still assigned to complete almost all of the night shift

maintenance tasks, and Kayla was given very few. Mr. Bell was also assigned to do many non-maintenance tasks in addition to the maintenance tasks that he was assigned to.

10. During the first week of May 2021, Mr. Bell called Wal-Mart's corporate office to report that he felt that he was being discriminated against because of his race in how he was being assigned work, and to discuss a write-up he had received for doing something that a supervisor had given him permission to do.

11. On or around May 9, 2021, the night store manager, Jane, assigned Mr. Bell to unload a truck that had come in. She told him "Larry – it's your lucky day – unload this truck." Jane's son, Jacob, was standing close by, and he told her that he would get the employees from the frozen department to do it, but Jane said she wanted Mr. Bell to do it. When Mr. Bell asked her why she was targeting him, and reminded her that unloading the truck was not part of his job, Jane responded "you work for Wal-Mart". Mr. Bell asked her: "why do you always get Black people to do the jobs that are too much for them?" When she said she did not do that, Mr. Bell told her that "the standards are always different for Black people with you." She asked Mr. Bell if he was refusing to unload the truck, and he told her that he was not refusing, because he did not want to be fired.

12. Jane then said: "the nerve of people here. You're lucky to be working." Mr. Bell responded: "I'm going to tell you something. All the Blacks are thinking this, but they're scared to say it because they'll lose their job. You, your son, and James are racist. Not in a way where you're going to call us a nigger, but with your work mannerisms and your targeting and everything else. You're smart enough not to call us a nigger, but it's going on."

13. Jacob, raising his voice, said: "My mom isn't racist, and I'm not either."

14. Mr. Bell raised his voice to match Jacob's level, and told them: "It's in the air. All of the Blacks feel that you are. Y'all treat me like dog crap, and that's why I called corporate on y'all last week."

15. Jane then yelled: "everybody calm the fuck down. Everybody is not racist. We're going to let this calm down and let it go."

16. Approximately an hour later, Jacob came up to Mr. Bell and told him, "we called Hulan [the store manager] and he wants you to leave the property." Mr. Bell responded: "I see how it is – I called corporate on you, so you're walking me out."

17. Mr. Bell was fired the next day, on May 10, 2021.

### III.
### CAUSE OF ACTION

### COUNT ONE:
### DISCRIMINATION AND RETALIATION UNDER TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SEC. 1981

18. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

19. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of his race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

20. Defendant is an employer within the meaning of Title VII.

21. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

22. 42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

23. Defendant intentionally discriminated against Plaintiff because of his race and in retaliation for his complaints of race discrimination in violation of Title VII and 42 U.S.C. §1981 by unlawfully discharging him. Plaintiff made a discrimination complaint, participated in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered materially adverse employment actions as a result in that Defendant terminated Plaintiff's employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO
## DISCRIMINATION AND RETALIATION UNDER THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

24. <u>Discrimination</u>. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities

constitutes discrimination on the basis of race, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that;

> "An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff's race was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to subject Plaintiff to a racially hostile work environment, and to terminate Plaintiff's employment. Plaintiff's race moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

25. <u>Retaliation</u>. In addition, Defendant retaliated against Plaintiff for making discrimination complaints and for otherwise opposing race discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, including the decision to terminate Plaintiff's employment.

## IV.
## DAMAGES

26. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and

suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

27. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his race and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

28. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

29. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII, 42 U.S.C. Sec. 1981, and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

30. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

    Respectfully submitted,

    THE LAW OFFICES OF KELL A. SIMON
    501 North IH-35, Suite 111
    Austin, Texas 78702
    (512) 898-9662 Telephone
    (512) 368-9144 Facsimile

    /s/ Kell A. Simon
    Kell A. Simon
    State Bar No. 2406088
    ATTORNEY FOR PLAINTIFF